IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KENNETH N. CAIN,<br>Institutional ID No. 01461710,<br>SID No. 06352412,<br>Previous TDCJ ID No. 01074522<br><br>Plaintiff,<br><br>v.<br><br>TEXAS TECH HEALTH SCIENCES<br>CENTER, *et al.*,<br><br>Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO.  5:20-CV-00131-C |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed this Section 1983 action alleging that Defendants violated his constitutional rights while he was incarcerated in the Montford Unit of the Texas Department of Criminal Justice (TDCJ). (Doc. 1). United States Magistrate Judge D. Gordon Bryant, Jr. conducted preliminary screening of Plaintiff's complaint and recommends that the Court: (a) dismiss Plaintiff's claims for monetary relief against all Defendants in their official capacities without prejudice for lack of subject matter jurisdiction; and (b) dismiss Plaintiff's remaining claims with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Doc. 55). Plaintiff filed no objections, and the time to do so has passed.

The Court has examined the record and reviewed the findings, conclusions, and recommendation for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. Plaintiff's claims for monetary relief against all Defendants in their official capacities are DISMISSED WITHOUT

PREJUDICE for lack of subject matter jurisdiction, and Plaintiff's remaining claims are DISMISSED WITH PREJUDICE for failure to state a claim.

This dismissal will count as a qualifying dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). *See also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).

Dismissal of this action does not release Plaintiff from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA.[1] He must also submit an application to proceed *in forma pauperis* and a 6-month certificate of inmate trust account at the same time he files his notice of appeal.

All relief not expressly granted and any pending motions are denied.

SO ORDERED.

Dated March 7, 2022.

SAM R. CUMMINGS
Senior United States District Judge

---

[1] Prison Litigation Reform Act of 1995.